# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SHELLEY D. SERAULT, <br>     Plaintiff, <br><br> v. <br><br> SUBARU OF INDIANA <br> AUTOMOTIVE, INC., <br>     Defendant. | CAUSE NO.:4:18-CV-58-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant Subaru of Indiana Automotive, Inc.'s Itemization of Costs and Fees [DE 20], filed April 8, 2019. On March 22, 2019, the Court granted Defendant Subaru of Indiana Automotive, Inc.'s Motion to Compel and set a briefing schedule for the attorney's fees incurred in filing the motion. On April 8, 2019, Defendant filed the instant petition requesting $770.00 in attorney's fees, and Counsel for Plaintiff acknowledged the failure to respond to the discovery requests in a response filed on April 22, 2019.

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendant's motion to compel was granted, so it is up to Plaintiff to demonstrate that its nondisclosure was substantially justified or other circumstances make an award of attorneys' fees

unjust. Counsel for Plaintiff acknowledges the failure to timely respond to Defendant's discovery requests, and does not argue that the nondisclosure was substantially justified or an award of expenses is otherwise unjust.

As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Defendant requests attorneys fees in the amount of $770, reflecting .8 hours of attorney time at $225 per hour, .9 hours of attorney time at $200 per hour, and 4.1 hours of paralegal time at $100 per hour. Defendant does not argue that the time taken or the amount of fees requested is unreasonable. The Court finds that $770.00 in attorney fees are reasonable in these circumstances.

For the foregoing reasons, the Court hereby approves and **GRANTS** Defendant Subaru of Indiana Automotive, Inc.'s Itemization of Costs and Fees [DE 20] and **ORDERS** counsel for Plaintiff to reimburse Defendant in the sum of $770.00 within a reasonable time.

SO ORDERED this 1st day of May, 2019.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc: All counsel of record